UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY D. MILLER,            )
                            )
            Plaintiff,      )       Case No. 1:05-cv-531
                            )
v.                          )       Honorable Gordon J. Quist
                            )
TERRY BORGES et al.,        )
                            )
            Defendants.     )
_____)

**OPINION**

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.      Factual allegations

Plaintiff complains of the medical treatment he received while incarcerated at the Bellamy Creek Correctional Facility, where he was confined at the time he filed his complaint. In his *pro se* complaint, he sues Doctor Terry Borges, Pamela Coggan, Melinda Warfield, and Julie Van Selters. Plaintiff claims that the Defendants were deliberately indifferent to his serious medical condition that required medication and a therapeutic diet. Plaintiff arrived at Bellamy Creek

Correctional Facility on May 5, 2004.  Defendant Dr. Borges subsequently reduced Plaintiff's medication by half without examining Plaintiff, while other unspecified defendants failed to schedule Plaintiff for an appointment with the doctor and refused to provide him with a special diet.  Plaintiff repeatedly complained of severe stomach pain and made numerous requests for medical attention.  On April 11, 2005, Plaintiff was examined by Doctor Borges who referred Plaintiff to a specialist.  The specialist examined Plaintiff on June 16, 2005, and thereafter increased Plaintiff's medication and ordered a therapeutic diet.  For relief, Plaintiff requests compensatory and punitive damages, and an injunctive order directing Defendants to set new standards requiring that inmates with severe pain are seen by a doctor within twenty-four hours.

On February 25, 2005, Plaintiff submitted a Step I grievance claiming that his medication dosage was not sufficient, and that the regular prison diet exacerbated his condition.  Defendants Coggan and Warfield responded that Plaintiff should continue taking his medication until the Medical Service Provider ordered a new prescription, and that he did not have to eat the spicy food that was offered.  The response was affirmed at Step II and Step III.  On March 18, 2005, Plaintiff filed a second grievance claiming that he had not been provided timely treatment because the medical department failed to schedule doctor's appointments for him.  Plaintiff appealed through Step II and Step III, receiving his Step III response on May 19, 2005.  Plaintiff did not refer to a particular individual or individuals in either the February 25, 2005, or May 19, 2005, grievance.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

Plaintiff's claim of indifference to his medical needs is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). However, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). While Plaintiff grieved the condition he complains of in this action, he failed to specifically name in his grievances any of the individuals he is now attempting to sue. Accordingly, Plaintiff did not exhaust his available administrative remedies.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.

*See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

Generally, where a prisoner's complaint is dismissed for failing to exhaust his claims, the prisoner may return to the prison grievance process to rectify the deficiency. However, because Plaintiff was released from custody after filing this action, administrative remedies are no longer available to him. Whether a plaintiff is a "prisoner" subject to the exhaustion requirements of § 1997(e)(a) is determined as of the time the plaintiff brings the lawsuit. When a prisoner files an unexhausted action but has been released from prison before the exhaustion question is decided, the statute still mandates dismissal without prejudice for lack of exhaustion, notwithstanding the fact that the grievance process is no longer available and the former prisoner may immediately refile the action without any further attempts at exhaustion. *Cox v. Mayer*, 332 F.3d 422, 426-27 (6th Cir. 2003); *accord, Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Dixon v. Page,* 291 F.3d 485, 488-89 (7th Cir. 2002); *Page v. Torrey*, 201 F. 3d 1136, 1139-40 (9th Cir. 2000). Accordingly, the Court will dismiss this action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  September 30, 2005                             /s/ Gordon J. Quist            
                                                      GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE